IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIA HER,

      Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

No.  CIV.S-04-2646 DAD

ORDER

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

Plaintiff Lia Her applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act").  (Transcript (Tr.) at 72-74.)  The Commissioner denied plaintiff's application

1

initially and on reconsideration. (Tr. at 59-63, 65-68.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on March 24, 2004, at which time plaintiff was represented by counsel. (Tr. at 22-56.) In a decision issued on June 9, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 8-16.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since February 2, 1994.
>
> 2. The medical evidence establishes that the claimant has severe status post pituitary tumor removal residuals, neck and back pain and depression, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4.
>
> 3. The claimant's testimony is not substantially credible for the reasons stated in the body of this decision.
>
> 4. The claimant has the residual functional capacity to perform the physical exertion requirements of work except for frequently lifting more than 10 pounds, and occasionally lifting more than 20 pounds. There are nonexertional limitations (20 CFR 416.945).
>
> 5. The claimant does not have any past relevant work that she could be expected to perform.
>
> 6. The claimant's residual functional capacity for the full range of light work is reduced by mental impairment related limitations.
>
> 7. The claimant is 38 years old, which is defined as a younger age individual (20 CFR 416.963).

|   |     |                                                                                                                                                                                                                                                                                       |
|---|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | 8.  | The claimant is functionally illiterate (20 CFR 416.964).                                                                                                                                                                                                                             |
|   | 9.  | The claimant does not have any acquired work skills which are transferable to the skilled or semiskilled work activities of other work (20 CFR 416.968).                                                                                                                              |
|   | 10. | If the claimant had the capacity to perform the full range of light work, section 416.969 of Regulations No. 16 and Rule 202.16, Table No.2 of Appendix 2, Subpart P, Regulations No. 4, would direct a conclusion that the claimant is not disabled.                                 |
|   | 11. | The claimant's capacity for a limited range of light work has not been substantially compromised by her additional limitations.  Accordingly, using the above-cited rule as a framework for decisionmaking, the claimant is not disabled.                                             |
|   | 12. | The claimant was not under a "disability", as defined in the Social Security Act, at any time through the date of this decision (20 CFR 416.920(f)).                                                                                                                                  |

(Tr. at 15.)  The Appeals Council declined review of the ALJ's decision on October 7, 2004.  (Tr. at 4-6.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on December 15, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.

1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

4

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances two arguments in her motion for summary judgment. First, plaintiff asserts that the ALJ erred in not fully crediting the opinions of Bradley Daigle, M.D. and Shohreh Ghaemian, M.D., consulting psychiatrists who examined plaintiff. Second, plaintiff argues that the ALJ erred in his reliance on the Medical-Vocational Guidelines (the "grids") in determining whether plaintiff is capable of performing any other work that exists in the national economy. The court addresses plaintiff's arguments below.

As noted, plaintiff argues that the ALJ erred in his treatment of the opinions of examining psychiatrists Dr. Daigle and

5

Dr. Ghaemian.  (Tr. at 148-54, 247-52.)  Where the opinion of an examining physician is uncontradicted by the opinion of another doctor, the ALJ must provide "clear and convincing" reasons for rejecting it.  See Lester, 81 F.3d at 830.  Where an examining physician's opinion is contradicted by that of another doctor, it can be rejected upon a showing of "specific and legitimate reasons that are supported by substantial evidence in the record."  Id.  There is no clear consensus between the parties as to whether the opinions of Dr. Daigle and Dr. Ghaemian are "uncontradicted," such that the ALJ was required to set forth "clear and convincing" reasons in rejecting them, or "contradicted," such that "specific and legitimate" reasons based on substantial evidence were required.  Nonetheless, the court finds that the ALJ's treatment of the opinions of the examining psychiatrists withstands scrutiny under either standard.

     Following examination of plaintiff, Dr. Daigle and Dr. Ghaemian assessed moderate to severe limitations with respect to plaintiff's abilities to engage in a variety of mental activities.  (Tr. at 153-54, 252.)  In rejecting those opinions, the ALJ explained that the functional limitations assessed were due little weight in light of plaintiff's exaggerated behavior and failure to cooperate and the physicians' suspicions of malingering.  (Tr. at 13-14.)  The ALJ accurately characterized the record in this regard.  For example, Dr. Daigle noted the disparity between plaintiff's slow gait and use of a cane upon entering the examination room and her "considerably more coordinated brisker, more active gait" when exiting the waiting room following the examination.  (Tr. at 151.)  Dr. Ghaemian

similarly noted that "the element of malingering should definitely be considered since there are inconsistencies with current and prior psychiatric evaluation."  (Tr. at 252.)

Dr. Daigle and Dr. Ghaemian were not the only doctors to doubt plaintiff's sincerity.  As the ALJ discussed in his written decision, Lloyd Johnson, M.D., an examining internal medicine specialist, noted that plaintiff "refused to try to walk without a cane and appeared to have expressions of pain out of proportion to the stimulus.  Certain parts of the physical examination were not possible to perform because the patient refused to cooperate with the examination ...."  (Tr. at 144.)  In particular, plaintiff refused to lie on her back, attempt to touch her toes, extend her knees while seated or abduct or flex her shoulders.  (Tr. at 144-45.)

Another examining internal medicine specialist, Mark Borigini, M.D., noted that plaintiff "did not seem to put forth a full effort" during grip testing (Tr. at 242) and claimed to be unable to lie on her back (Tr. at 243).  He also indicated in his report that plaintiff "simply said that she cannot even see my finger when I held it in front of her, yet she is able to ambulate about the room and does not seem to show any problems with that in terms of navigating and putting away her things and so on."  (Id.)

Plaintiff's treating physicians also have noted plaintiff's refusal to cooperate, an inconsistent limp, and inconsistent abilities to move her upper extremities  (Tr. at 269, 299-300.)  One of the non-examining physicians similarly found that "claimant is difficult to assess given the number of inconsistencies in the

7

record."  (Tr. at 168.)

Even assuming the opinions of Dr. Daigle and Dr. Ghaemian were "uncontradicted," the evidence discussed above established that the ALJ properly set forth "clear and convincing" reasons in rejecting those opinions.  Accordingly, the court finds that the ALJ properly rejected the limitations assessed by Dr. Daigle and Dr. Ghaemian.

Plaintiff's other argument concerns that ALJ's use of the grids.  At the fifth and final step of the sequential evaluation process, the Commissioner can satisfy the burden of showing that the claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience, by either: (1) applying the Medical-Vocational Guidelines (the "grids") in appropriate circumstances; or (2) taking the testimony of a vocational expert ("VE").  See Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988); Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)).

The grids are designed to show available work in the national economy for individuals with exertional (i.e., strength) limitations, as impacted by the factors of age, education, and work experience.  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d) & (e). They may be utilized as long as they "accurately and completely describe the claimant's abilities and limitations."  Burkhart, 856 F.2d at 1340 (citing Jones, 760 F.2d at 998).  See also Reddick v. Chater, 157 F.3d 715, 729 (9th Cir. 1998); 20 C.F.R. Pt. 404, Subpart

P, App. 2, § 200.00(b).  However, when a claimant's nonexertional limitations are sufficiently severe to significantly limit the range of work permitted by exertional limitations, the grids are inapplicable.  See Burkhart, 856 F.2d at 1340; Desrosiers, 846 F.2d at 577; see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983).

Plaintiff's brief argument that the ALJ erred in relying on the grids lacks specificity.  Liberally construed, the argument is that the ALJ should have heard testimony from a vocational expert due to the nonexertional limitations identified by Dr. Daigle and Dr. Ghaemian.  However, as discussed above, the ALJ properly discounted the opinions of those physicians.  Accordingly, substantial evidence supports the ALJ's determination that plaintiff's alleged nonexertional limitations did not significantly limit her ability to perform light, unskilled jobs.  Testimony from a vocational expert was not necessary under the circumstances.

## CONCLUSION

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner denying benefits is affirmed.

DATED: January 19, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\her2646.order